UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case Number 12-13224
v.                                         Honorable David M. Lawson

LATOYA E. DADE and LATOYA E.
DADE TRUST,

    Defendants.

_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the plaintiff's motion for default judgment. On October 23, 2012, the plaintiff filed an original complaint under the authority of the Internal Revenue Code, 26 U.S.C. §§ 7405 and 7402, seeking recovery of an erroneously issued income tax refund. The original complaint was served on and answered by defendant Latoya Dade. The complaint later was dismissed without prejudice, by the stipulation of the parties. On October 26, 2016, the plaintiff filed an amended complaint seeking recovery of the same erroneously paid refund. The plaintiff filed certificates of service attesting to service of the summons and amended complaint on the defendants. The defendants have not answered or otherwise responded to the amended complaint, and the Clerk of the Court entered their defaults pursuant to Fed. R. Civ. P. 55(a) on February 3, 2017. The plaintiff then filed a motion for default judgment on April 5, 2017.

The Court held a hearing on the plaintiff's motion on April 26, 2017, which was attended by counsel for the government and defendant Latoya Dade, who appeared *pro se*. The Court received evidence on the record as to the amount of damage. The defendant did not oppose the government's motion or offer contrary evidence. At the end of the hearing, based on the evidence

presented at the hearing and the well-pleaded allegations in the complaint, the Court announced from the bench its decision to award a judgment in favor of the plaintiff and against the defendants in the amount of $266,279.05, which includes the amounts attested to by the government's revenue agent for outstanding principal, along with interest, penalties, and fees, through February 15, 2017.

Because the defendants have failed to answer or otherwise respond to the complaint and the Clerk has entered default against them, the Court must accept all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). The amended complaint alleges that on "March 12, 2009, Latoya E. Dade filed an income tax return (Form 1041) in the name of the taxpayer 'Latoya E. Dade TR' for the income tax year 2008, which named 'Latoya Dade TTEE' as the fiduciary of the taxpayer." Am. Compl. ¶ 5. On the Form 1041, Dade reported "an equal amount of income and deductions for the purported trust," where she "listed total income for the purported trust in the amount of $534,256, but then deducted $534,256 in fiduciary fees, and reported that the purported trust had $0 in income tax liability." *Id.* ¶ 6. Dade "also reported on the Form 1041 that the purported trust had federal income tax withheld in the amount of $178,085, and was entitled to a refund in the amount of $178,085." *Id.* ¶ 7. The complaint further alleges that the government issued a check for a refund in the claimed amount, which Dade personally endorsed and deposited into her checking account. *Id.* ¶ 8-9. Finally, the complaint alleges that the purported trust is a sham, that it had no income and did not pay any fiduciary fees during the 2008 tax year, and that Dade concocted it merely for the purpose of obtaining a tax refund that she was not entitled to receive. *Id.* ¶¶ 10-11. The government asserts in its amended complaint that Dade has been informed of her obligation to repay the improper refund — including, in

pertinent part, by the filing of the original complaint in this case — but to date she has failed or refused to do so.

Under Section 7405 of the Internal Revenue Code, 26 U.S.C. § 7405, "[a]ny portion of a tax imposed by this title, refund of which is erroneously made . . . may be recovered by civil action brought in the name of the United States." 26 U.S.C. § 7405(b). Under I.R.C. section 6352(b), the United States generally has five years from the date that the IRS made an erroneous refund to bring a suit to recover the overpayment "if it appears that any part of the refund was induced by fraud or misrepresentation of a material fact." The government's original complaint was filed on July 23, 2012, well within the applicable limitations period. Although the case previously was dismissed without prejudice by the stipulation of the parties, Dade stipulated that "[s]hould the above-captioned action be reinstated after the statute of limitations has expired, [she] agrees to waive any statute of limitations defense in this case." Stipulation of Dismissal [dkt. #8]. Because the parties agreed that any subsequent amended complaint would not be time-barred, the Court finds that the present amended complaint seeking repayment of the improper refund is timely. The Court further finds that the allegations of the complaint, which the Court must accept as true, adequately establish that the refund in question was issued in error and was procured by Dade through fraud or misrepresentation about the existence and legitimacy of her trust.

The Court finds, therefore, that the plaintiff is entitled to entry of a judgment by default in the amount proved by the evidence submitted with its motion.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of default judgment [dkt #20] is **GRANTED**, and a default judgment shall enter in favor of the plaintiff and against the defendants.

It is further **ORDERED** that the plaintiff shall recover of the defendants, jointly and severally, in the amount of $266,279.05, which includes statutory interest, penalties, and fees through February 15, 2017. The judgment shall bear interest as provided for by law from April 26, 2017. A judgment in favor of the plaintiff and against the defendant separately shall enter.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: April 26, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 26, 2017.

                                    s/Susan Pinkowski  
                                    SUSAN PINKOWSKI